UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No.: 8:18-cr-465-WFJ-AEP

YOVANNY HERNANDEZ
SEVERINO
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Yovanny Hernandez Severino, USM#: 14078-069, moves, *pro se*, (Dkts. 114, 127, 151) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 10, 2019, Yovanny Hernandez Severino was sentenced to 210 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute and for possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. Mr. Hernandez Severino's total offense level was 35. He was assessed criminal history points, and his criminal history was category III. Mr. Hernandez Severino's advisory sentencing range was 210-262 months, and he received a bottom-of-the-guidelines sentence. The Court found the guidelines sentence affords adequate deterrence and avoids

unwarranted sentencing disparity. The Bureau of Prisons online inmate locator shows a release date from BOP custody of October 14, 2033.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 is not available to Defendant because he is ineligible, having been assessed one or more criminal history points and having not been assessed status points.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 144. A motion for sentence reduction will not be filed on behalf of Mr. Hernandez Severino because he "was assessed one or more criminal history points and was not assessed status points." *Id*. The Court provided 21 days for any *pro se* filing. Dkt. 145. Defendant filed a motion for status update. Dkt. 151.

The sentencing Court properly imposed a guidelines sentence after taking into account all the considerations set forth above. Even if Defendant were eligible

3

and even considering the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 210-month sentence.

This Defendant was at the helm when the go-fast vessel was interdicted by the U.S. Coast Guard. When Defendant was instructed to move away from the helm, he failed to comply and drove off at a high rate of speed. Dkt. 124 ¶¶ 8–9. The cocaine seized from the debris field where it had been jettisoned during the high-speed chase weighed 570 kilograms. *Id.* ¶ 9. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Dominican Republic and will likely be deported.

Mr. Yovanny Hernandez Severino's *pro se* motions (Dkts. 114, 127, 151) for a reduction in sentence are **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on July 24, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE